UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN  DIVISION

PAUL WILLIAM BRYAN BODY                                         PETITIONER

VERSUS                                  CIVIL ACTION NO.  3:14-cv-377-CWR-FKB

W.O. "BILLY" SOLLIE                                             RESPONDENT

<u>AMENDED MEMORANDUM OPINION AND ORDER</u>

Petitioner Paul William Bryan Body filed his petition [1] for a writ of habeas corpus on May

8, 2014.  The Court entered an order [6] on June 9, 2014, directing the Petitioner to file a response

providing the Court with additional information on or before July 3, 2014.  Petitioner was warned

that his failure to timely comply with the requirements of the order or failure to advise the Court of

a change of address could lead to the dismissal of this case.[1]  When the Petitioner failed to comply

with the order [6], the Court entered an order [7] to show cause directing the Petitioner to file a

written response on or before August 8, 2014.  On July 29, 2014, the envelope [8] containing a copy

of the order [7] to show cause was returned to the Court with a notation from the Postal Service

"Return to Sender - Not Deliverable as Addressed - Unable to Forward." Petitioner has not filed a

written response and he has not otherwise communicated with the Court.

Petitioner has failed to comply with the orders [6, 7] of the Court, and he has not contacted

the Court since June 3, 2014.  The Court has the authority to dismiss an action for Petitioner's failure

to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent

authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962);

*Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998);  *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir.

1988).  The Court's authority to dismiss an action for failure to prosecute extends to habeas petitions.

*See Martinez v. Johnson,* 104 F.3d 769, 772-73 (5th Cir. 1997) (affirming dismissal of habeas

---

[1]The envelope containing the order [6] entered June 9, 2014, has not been returned to the Court.

petition for failure to prosecute under Rule 41(b)).

As the record demonstrates, the Court's efforts to pursue lesser sanctions than dismissal have proven futile.  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id.* at 629-30.

The Court concludes that dismissal of this action, for the Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure, is proper.  *See Martinez,* 104 F.3d at 773;  *Davis v. Gordon*, No. 02-61123, 2003 WL 22120979, at *1 (5th Cir. Sept. 12,  2003) (affirming dismissal based on habeas Petitioner's failure to comply with a court order); *see also Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009) (affirming dismissal for inmate's failure to comply with a court order).  Because the Respondent has not been called upon to respond to the petition, and has not appeared in this action, and since the Court has not considered the merits of Petitioner's claims, the Court's order of dismissal will be without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith,* 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered. This the 9th day of September, 2014.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE